Wilfred P. Coronato (WC-6200)
HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3910
Phone: (201) 536-9220
Fax: (201) 536-0799
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GMACH SHEFA CHAIM,<br><br>                       Plaintiff,<br><br>       -v-<br><br>UNITED STATES OF AMERICA,<br><br>                       Defendant. | Docket No.   09-cv-____<br><br>(Document Filed Electronically)<br><br>Returnable: November 16, 2009 |

**PLAINTIFF'S BRIEF IN
SUPPORT OF ITS MOTION FOR THE RETURN OF PROPERTY
PURSUANT TO 18 U.S.C. § 983 AND/OR FEDERAL RULE OF
<u>CRIMINAL PROCEDURE 41(g)</u>**

## **TABLE OF CONTENTS**

Page

Preliminary Statement ...........................................................................................................1

Statement of Facts .................................................................................................................2

Argument ..............................................................................................................................2

    I.    THE GOVERNMENT FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS UNDER 18 U.S.C. § 983(a)(1)(A) AND PLAINTIFF IS THEREFORE ENTITLED TO RETURN OF ITS FUNDS .............................2

    II.   PLAINTIFF IS ENTITLED TO RETURN OF FUNDS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) .......................................4

Conclusion ............................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**                                            **Page(s)**

*Government of the Virgin Islands v. Edwards*, 903 F. 2d 267 (3d Cir. 1990) .................................. 4

*Johnson v. United States*, 971 F. Supp. 862 (D.N.J. 1997) .................................. 4

*United States v. $448,163.10 In U.S. Currency*, No. 3:06-CV-555, 2007 U.S. Dist. LEXIS 86072 (D. Conn. Nov. 20, 2007) .................................. 3

*United States v. Jacobsen*, 466 U.S. 109 (1984) .................................. 3

*United States v. Premises Known As 608 Taylor Avenue*, 584 F.2d 1297 (3d Cir. 1978) .................................. 4

**STATUTES AND RULES**

18 U.S.C. § 983 .................................. 1

18 U.S.C. § 983(a)(1)(A) .................................. 1, 2

18 U.S.C. § 983(a)(1)(A)(i) .................................. 2, 3

18 U.S.C. § 983(a)(1)(A)(ii) .................................. 3

18 U.S.C. § 983(a)(1)(A)(iii) .................................. 3

18 U.S.C. § 983(a)(1)(F) .................................. 3

18 U.S.C. § 983(a)(3)(A) .................................. 3

18 U.S.C. § 1956(c)(5) .................................. 2

Civil Asset Forfeiture Reform Act of 2000 .................................. 2

Federal Rule of Criminal Procedure 41(e) .................................. 4

Federal Rule of Criminal Procedure 41(g) .................................. 1, 4

The Gmach Shefa Chaim (the "Gmach") submits this memorandum of law in support of its Motion for the Return of Property pursuant to 18 U.S.C. § 983 and/or Federal Rule of Criminal Procedure 41(g).

### Preliminary Statement

The federal forfeiture statutes provide clear time requirements for Government action. On July 23, 2009, the Government seized over $500,000 from a bank account held by the Gmach, a not-for-profit, Hasidic-free loan society. Since then, the Government has done nothing: it has failed to provide notice of, or otherwise institute any forfeiture action against the funds. Where the Government intends to proceed administratively, it must provide notice to "interested parties" within 60 days of the seizure of property, unless within that 60-day period the Government files a forfeiture action. The Government has failed to comply with these requirements.

The Government seized the funds based on a warrant issued in this District for any property contained in Account Number 54169097 at Valley National Bank, 4405-09 Bergenline Avenue, Union City, New Jersey, held in the name of the Gmach Shefa Chaim ("the Account"). Despite its awareness of the whereabouts of the Account's owner — the Gmach — the Government has failed to send the Gmach notice of forfeiture. Because the 60 day notice period under 18 U.S.C. § 983(a)(1)(A) has elapsed, the Gmach is statutorily entitled to the immediate return of its property. The Government has not initiated any forfeiture action against the subject property, nor any criminal action against its owner, and should not be permitted to unlawfully retain the Gmach's money any longer.

## Statement of Facts

On January 15, 2004, the Gmach opened the Account at Valley National Bank. *See* Affidavit of Madeleine Selwyn, dated October 23, 2009 ("Selwyn Aff."), Ex. A. The Gmach is, and has always been, the <u>sole</u> account holder of the Account, and the President and Vice President of the Gmach are the sole signatories to the Account. (Selwyn Aff., ¶ 2.) On July 21, 2009, a Seizure Warrant issued from the United States District Court for the District of New Jersey for the "cash value of the contents of Account Number 54169097, including all currency and monetary instruments as defined by 18 U.S.C. § 1956(c)(5), presently contained therein held in the name of Gmach Shef *[sic]* Chaim". *See* Selwyn Aff., Ex. B.

In accordance with this warrant, Valley National Bank turned over all funds — $508,985.21 — in the Account to the Federal Bureau of Investigation ("FBI") on July 23, 2009. (Selwyn Aff. ¶ 4).

## Argument

### I. THE GOVERNMENT FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS UNDER 18 U.S.C. § 983(a)(1)(A) AND PLAINTIFF IS THEREFORE ENTITLED TO RETURN OF ITS FUNDS

The Civil Asset Forfeiture Reform Act of 2000 establishes a clear timeframe within which the Government must provide notice of seizure to "interested parties." 18 U.S.C. § 983(a)(1)(A). Under this provision, the Government is required to send written notice "as soon as practicable, **and in no case more than 60 days after the date of seizure**." 18 U.S.C. § 983(a)(1)(A)(i) (emphasis added). The statute provides a clear remedy when the authorities fail to comply with the notice requirements:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government **shall** return the property to that person.

2

18 U.S.C. § 983(a)(1)(F) (emphasis added).

The money was seized from the Gmach's Account on July 23, 2009, the date National Valley Bank turned over the proceeds in the Account to the FBI. *See United States v. $448,163.10 In U.S. Currency,* No. 3:06-CV-555, 2007 U.S. Dist. LEXIS 86072, at *4 (D. Conn. Nov. 20, 2007) (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984) ("Seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property.")) Thus, the July 23 seizure triggered the 60-day notice provision of Section 983(a)(1)(A)(i), and more than 60 days have since elapsed without any notice provided to Plaintiff. *See* Selwyn Aff. ¶ 5. Pursuant to Section 983(a)(1)(F), Plaintiff is statutorily entitled to the immediate return of the property.

The Government has no basis for the continued retention of the Gmach's funds, as it does not satisfy either of the two exceptions to the notice requirement. The statute provides that notice is not required if, <u>before the 60-day period expires,</u> the Government either (1) files a civil judicial forfeiture action against the property and provides notice of that action or (2) the Government "obtains a criminal indictment containing an allegation that the property is subject to forfeiture." 18 U.S.C. § 983(a)(1)(A)(ii) & (iii). The Government has done neither. The Government has not commenced a civil forfeiture action under 18 U.S.C. § 983(a)(3)(A), nor has the Government filed a criminal indictment alleging that the property is subject to forfeiture. We are unaware of any criminal indictment containing a forfeiture allegation, which would give the Government any legitimate claim to retain the Gmach's property. In these circumstances, the Government has no right to continue to detain the Gmach's funds.

3

## II.     PLAINTIFF IS ENTITLED TO RETURN OF FUNDS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

Plaintiff is also entitled to the return of the funds seized from the Account pursuant to Federal Rule of Criminal Procedure 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[1]

When considering a motion for a return of property under Rule 41(g), the courts are guided by a "reasonableness" standard, enunciated by the Third Circuit in *United States v. Premises Known As 608 Taylor Avenue*, 584 F.2d 1297, 1302 (3d Cir. 1978), which case similarly involved a pre-indictment motion for the return of property seized by the government. The Third Circuit noted that "a court must weigh the interests of the government in holding the property against the owner's rights to use the property." *See also Government of the Virgin Islands v. Edwards*, 903 F. 2d 267, 273 (3d Cir. 1990) (stating that "Advisory Committee Notes to the 1989 Amendment [to Rule 41(e)] suggest merely that 'reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property' . . . a standard comparable to that which we used in 608 Taylor Avenue.")

Here, the Government has deprived the Gmach of its funds unlawfully and has no legitimate interest in the property. Due process "requires forfeiture proceedings against seized property be brought without unreasonable delay." *608 Taylor Avenue*, 584 F.2d 1297 at 1304. Instead, the Government has failed to initiate timely — or any — civil or criminal forfeiture

---

1. Prior to December 2002, Rule 41(g) was designated Rule 41(e) but was substantively identical. In *Johnson v. United States*, 971 F. Supp. 862, 866 (D.N.J. 1997) the Court stated that Rule 41(e) is understood to provide "that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the Government's continued possession of it."

4

actions. In fact, the Government has failed to articulate any basis on which it is entitled to the retention of the funds. On the other hand, the Gmach has a clear right to the use of funds in its Account for the continued operation of its affairs. The Gmach has been, and continues to be, aggrieved by the deprivation of its funds in the Account. In these circumstances, the Government's continued retention of Plaintiff's property is unreasonable, and the funds should be returned.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order directing the return to the Plaintiff of the funds seized from the Account.

Dated:   October 23, 2009

                        HUGHES HUBBARD & REED LLP


                        By:   s/Wilfred P. Coronato
                                Wilfred P. Coronato

60822651_1